UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MERRI C.,

                Plaintiff,

    v.                                                5:20-CV-752
                                                          (DJS)
COMMISSIONER OF SOCIAL SECURITY

                Defendant.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

LAW OFFICES OF                       STEVEN R. DOLSON, ESQ.
STEVEN R. DOLSON
Attorney for Plaintiff
126 N. Salina St., Ste. 3B
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.        LISA G. SMOLLER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

    Currently before the Court, in this Social Security action filed by Plaintiff Merri C. against the Commissioner of Social Security, are Plaintiff's Motion for Judgment on

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 9 & 11.  For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion for Judgment on the Pleadings is denied.  The matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A.  Factual Background

Plaintiff was born in 1959, making her 52 years old at the time of her disability insurance benefits ("DIB") application and 59 years old on the date of the ALJ's April 9, 2019 decision.  Dkt. No. 8, Admin. Tr. ("Tr.") at pp. 39 & 98.  Plaintiff graduated from a four-year college with a degree in sociology.  Tr. at pp. 40 & 597.  Her prior employment included positions as a civilian clerk in a military personnel office, furniture salesperson, and delivery driver for a frozen food company.  Tr. at pp. 41-46 & 356-363.

Plaintiff reported that she was unable to work due to pain in her neck and lower back that caused tightness and "feels like cement."  Tr. at pp. 48 & 583.  She also reported frequent cramping or Charley horses in her calves.  Tr. at pp. 55-56 & 583.  She testified that these impairments made it difficult to climb stairs, shop, carry groceries, and perform household chores such as dishwashing or vacuuming without frequent rest periods.  Tr. at pp. 53-58.

### B. Procedural History

Plaintiff applied for DIB on March 4, 2015. Tr. at pp. 290-291. She alleged a disability onset date of October 1, 2012. Tr. at p. 315. Plaintiff's application was initially denied on June 15, 2015, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 133-136 & 139-140. Plaintiff appeared and testified at a hearing before ALJ Elizabeth W. Koennecke on May 22, 2017. Tr. at pp. 36-72. On September 13, 2017, the ALJ held a supplemental hearing for the testimony of Vocational Expert ("VE") James Soldner. Tr. at pp. 74-82. On September 21, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 110-127. On October 30, 2018, the Appeals Council granted Plaintiff's request for review, vacated the hearing decision and remanded the case to the ALJ due to an error in the ALJ's determination that Plaintiff could perform her prior work. Tr. at pp. 130-132.

The ALJ held a new hearing on March 4, 2019, at which Plaintiff and VE Josiah Pearson testified. Tr. at pp. 84-96. On April 9, 2019, the ALJ issued a written decision finding Plaintiff was not disabled. Tr. at pp. 15-34. On May 4, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's April 9, 2019 decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's April 9, 2019 Decision

In her April 9, 2019 decision, the ALJ made the following findings of fact and

conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2015. Tr. at p. 21. Next, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset date of October 1, 2012 through her date last insured. Tr. at p. 21. The ALJ then found that Plaintiff had the following severe impairments: "obesity, a neck impairment, and a back impairment." Tr. at pp. 21-22. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 22-23. The ALJ then found that Plaintiff's residual functional capacity ("RFC") allowed her to perform "the full range of sedentary work." Tr. at pp. 23-25. Based upon that RFC and the relevant VE testimony, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a personnel clerk. The ALJ, therefore, concluded that Plaintiff had not been under a disability "at any time from October 1, 2012, the alleged onset date, through March 31, 2015, the date last insured." Tr. at pp. 26-27.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's

determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."

*Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of

proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff makes two related arguments in support of reversal. First, she argues that the ALJ's RFC determination failed to include a function-by-function analysis of her physical impairments. Dkt. No. 9, Pl.'s Mem. of Law at pp. 5-9. Second, Plaintiff contends that the ALJ improperly based her RFC determination on her lay analysis of "bare medical findings," instead of a medical source opinion. *Id*. at pp. 9-12. Defendant counters that the ALJ properly evaluated the record evidence and made a disability determination that is supported by substantial evidence. *See generally* Dkt. No. 11, Def.'s Mem. of Law. Taken together, the Court concludes that Plaintiff's arguments demonstrate that remand is required.

> Before an ALJ classifies a claimant's RFC based on exertional levels of work (i.e., whether the claimant can perform sedentary, light, medium, heavy, or very heavy work), [s]he must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. The functions described in paragraphs (b), (c), and (d) of 20 CFR §§ 404.1545 and 416.945 include physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions; mental abilities such as understanding, remembering,

carrying out instructions, and responding appropriately to supervision; and other abilities that may be affected by impairments, such as seeing, hearing, and the ability to tolerate environmental factors.

*Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (internal quotations and citations omitted).

Defendant is correct that the failure to include this type of "function-by-function" analysis does not itself require remand. In *Cichocki,* the Second Circuit refused to adopt a *per se* rule requiring remand if the ALJ fails to provide a function-by-function analysis. Instead, it held that the relevant inquiry is whether the ALJ applied the "correct legal standards and whether . . . the determination is supported by substantial evidence." *Id.* at 177. The court focused instead on whether "*an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review*, applies the proper legal standards, and is supported by substantial evidence. *Id.* (emphasis added) (citing *Zatz v. Astrue*, 346 Fed. Appx. 107, 111 (7th Cir. 2009)) ("[A]n ALJ need not provide superfluous analysis of irrelevant limitations or relevant limitations about which there is no conflicting medical evidence."). However, "[t]he Second Circuit did note that remand might be appropriate 'where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" *Eric M. v. Comm'r of Soc. Sec.*, 2019 WL 762220, at *5 (N.D.N.Y. Feb. 21, 2019) (quoting *Cichocki v. Astrue*, 729 F.3d at 177).

Defendant does not dispute that no acceptable medical source opinion was relied upon by the ALJ and that no function-by-function analysis was done. Though not reversible error in all cases, this Court agrees with the analysis of Judge Geraci in the Western District that "[i]n circumstances where the ALJ does not rely on a medical opinion to formulate the RFC and renders a common sense judgment about claimant's functional capacity, the ALJ must provide a function-by-function analysis of the claimant's work-related abilities." *Hynes v. Comm'r of Soc. Sec.*, 2019 WL 6907131, at *3 (W.D.N.Y. Dec. 19, 2019) (citing cases). This is particularly true given the Second Circuit's recognition that the "failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions, which could lead to an incorrect use of an exertional category to find that the individual is able to do past relevant work and an erroneous finding that the individual is not disabled." *Cichocki v. Astrue*, 729 F.3d at 176 (quoting SSR 96-8p, 1996 WL 374184, at *4) (internal quotations omitted).

The ALJ found that Plaintiff suffers from severe neck and back impairments. Tr. at p. 21. The ALJ then concluded that Plaintiff could perform a "full range of sedentary work." Tr. at p. 23. Sedentary work "generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour workday." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing SSR 83-10, 1983 WL 31251, at *5). Plaintiff, however, claims that her impairments limit, *inter alia*, her ability to sit, Tr. at pp. 50 & 68, which

in turn impedes her ability to do sedentary work.  This is consistent with the medical source statement provided by a physical therapist which opined that Plaintiff is "unable to sit upright for more than a few minutes a time, which would classify as an occasional basis." Tr. at pp. 616-617.  Here, the ALJ gave the therapist's evaluation "some weight," Tr. at p. 24,[2] but precisely what impact it had on her evaluation of Plaintiff's functional capabilities is not clear.  The ALJ expressly questioned "[t]he legitimacy of the test results," but failed to articulate specifically what parts of the report were being given weight.  *See id.*

This Court has consistently required that an ALJ "explain the weight given to the various opinions on which [s]he relies, and generally ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Christeenia C. v. Saul*, 2021 WL 2644104, at *4 (N.D.N.Y. June 28, 2021) (quoting *Swigonski v. Astrue*, 2009 WL 3734845, at *7 (W.D.N.Y. Nov. 4, 2009)) (internal quotation omitted).  In dispute here is a key functional ability related to the RFC found by the ALJ, whether Plaintiff can sit for any extended period of time.  Because the ALJ's decision did not explain what portion of the physical therapy report was being afforded weight or how that impacted her determination regarding Plaintiff's functional abilities it "fails to give the Court a clear picture of her analysis." *Robert D. v. Comm'r of Soc. Sec.*, 2020 WL 2553260, at *7

---

[2] Plaintiff does not challenge the ALJ's determination in this regard and so the Court offers no view on the ALJ's grounds for discounting portions of the opinion.

(N.D.N.Y. May 20, 2020). "As this is the only substantive opinion in the record that provides any sort of analysis of Plaintiff's functional limitations, it is particularly important to determining whether the ALJ's determination is supported." *Kelly Ann C. v. Saul*, 2019 WL 3321923, at \*6 (N.D.N.Y. July 24, 2019). An ALJ must build an accurate and logical bridge between the evidence and her conclusion to enable the Court to undertake a meaningful review. *Pamela P. v. Saul*, 2020 WL 2561106, at \*4 (N.D.N.Y. May 20, 2020). Here, the absence of a function-by-function analysis highlights and adds to the uncertainty regarding how the ALJ reached her RFC determination which does not enable that meaningful review.

For these reasons, the matter is remanded so that an appropriate function-by-function analysis can be conducted.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED,** that the decision of the Commissioner denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** for further proceedings pursuant to sentence four of section 405(g) as set forth above; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: August 27, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge